■ In the Matter of JOHN BROWN, Appellant, v CARL D. BERRY, as Superintendent of Woodbourne Correctional Facility, et al., Respondents.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court (Hanofee, J.), entered August 24, 1988 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Director of Occupational Training denying petitioner's preliminary application to engage in barbering.

Petitioner, an inmate of Woodbourne Correctional Facility in Sullivan County, is seeking approval of a preliminary application to be licensed as a barber's apprentice. Although the Secretary of State is the official statutorily empowered to issue barber apprentice certificates (General Business Law § 433 [2]; § 437), we are advised that when the applicant is an inmate, approval of correction officials is also required because the prison is acting as the barber shop sponsoring the apprentice. Petitioner has completed 1,000 hours of training in barbering trades and his application was signed by a correc-

tion counselor and a parole officer, indicating their approval. Respondent Director of Occupational Training (hereinafter the Director) denied the preliminary application because of petitioner's past assaultive behavior.

Petitioner commenced the instant proceeding charging that the determination is a violation of Correction Law § 752 and arbitrary and capricious. Respondents moved to dismiss the petition for failure to state a cause of action, arguing that Correction Law § 752 is inapplicable since petitioner is still free to apply to the Secretary of State for an apprentice barber certificate once he is released from prison. Supreme Court denied the motion but dismissed the petition on its merits after reviewing, in camera, the preliminary application report on petitioner and ruling that the report was exempt from disclosure pursuant to Public Officers Law § 87 (2) (g). Petitioner appeals.

Correction Law article 23-A, which includes section 752, established standards for public agencies and private employers to use in appraising the fitness of a former criminal offender for a particular job or license (Governor's mem, 1976 McKinney's Session Laws of NY, at 2458); they were not intended to apply to prison training programs (see, ibid., at 2459).

Petitioner's complaint that he has been unfairly prevented from effectively challenging the Director's determination by the nondisclosure of the application report is unavailing. Had he pursued his challenge through the inmate grievance procedure (7 NYCRR part 701), a factual record would have resulted affording petitioner an opportunity to bring up for review the merits of the Director's decision. Petitioner's remaining contentions are without merit.

Judgment affirmed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.